# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMETRIUS PEREZ,<br>*Plaintiff,*<br><br>v.<br><br>ROLAND COOK *et al.*,<br>*Defendants*. | No. 3:19-cv-2012 (JAM) |

## ORDER DENYING PENDING MOTIONS

Plaintiff Ometrius Perez is a prisoner of the Connecticut Department of Correction (DOC). He filed this lawsuit in December 2019, principally claiming that DOC officials were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[1]

After multiple settlement conferences with Magistrate Judge Farrish, the parties reached a settlement that Judge Farrish formally outlined and confirmed orally with them on the record on September 1, 2021.[2] He then entered the following docket order:

> ***The parties reached a settlement.*** They will work together over the next thirty days to memorialize their deal in a formal settlement agreement, but have been advised that Judge Meyer may elect to close the case administratively on the docket in the meantime.[3]

The next day I entered the following order dismissing the case with 30 days leave to re-open:

> ORDER DISMISSING CASE. The parties have reported that this action has been settled in full. Rather than continue to keep the case open on the docket, the Clerk is directed to administratively close the file without prejudice to reopening on or before **October 2, 2021**. If the parties wish to file a stipulation of dismissal (for approval by the court or simply for inclusion in the court[']s file), they may do so on or before **October 2, 2021**.

---

[1] Doc. #9 (initial review order)
[2] Doc. #65 (transcript).
[3] Doc. #63.

The dates set forth in this order may be extended for good cause pursuant to a motion filed in accordance with Local Rule 7. It is so ordered.[4]

Because no party moved to re-open the case by October 2, 2021, the administrative order of dismissal "by its own terms matured into a dismissal" of this action as of October 2, 2021. *Morris v. City of Hobart*, 39 F.3d 1105, 1109 (10th Cir. 1994).[5]

More than three months later, Perez moved to re-open the case.[6] After a renewed conference with Judge Farrish, Perez filed another motion to re-open, and the defendants in turn have filed an objection.[7] I convened a video hearing for oral argument from Perez and counsel for defendants on Perez's pending motions to re-open.[8]

Perez argues that the case was not properly closed in the absence of a final settlement agreement. But based on my review of the transcript of the settlement hearing before Judge Farrish in which he explicitly confirmed the parties' agreement to the settlement and to the multiple detailed points and terms of the settlement, I conclude that the parties validly agreed to all the material terms of a settlement.[9]

An oral settlement agreement is enforceable unless the parties agree not to be bound until they have reduced their accord to writing. *See Powell v. Omnicom*, 497 F.3d 124, 129–30 (2d Cir. 2007); *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 444 (2d Cir. 2005) (applying Connecticut law). Otherwise, "[t]he settlement remains binding even if a party has a change of

---

[4] Doc. #64. This Court's local rules provide that "[w]hen counsel of record report to the Court that a civil action pending on its docket has been settled between the parties, the Clerk shall enter an order closing the case, subject to the parties' right to move to reopen within thirty (30) days, unless a longer period is specified by the Court." D. Conn. L. Civ. R. 41(b).
[5] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[6] Docs. #67, #68.
[7] Docs. #73, #80.
[8] Doc. #84.
[9] Doc. #65 at 3–7.

heart between the time he agreed to the settlement and the time those terms are reduced to writing." *Powell*, 497 F.3d at 129.

The record here does not show that the parties agreed that there would be no settlement agreement unless and until there was a final and signed writing. To be sure, Judge Farrish referenced the parties' putting their agreement into writing, but this was for no more than housekeeping reasons. As Judge Farrish stated, "although we've been on the record here it is customary for people who settle cases to *also* want to create a proper settlement agreement document."[10] He went on to enter a docket order definitively declaring that the parties had reached a settlement, with the parties merely to "memorialize their deal in a formal settlement agreement" and with the case to be administratively closed in the meantime.[11]

In short, although the parties contemplated reducing their agreement to writing, a formal signed writing was neither made a condition of the settlement agreement nor made a condition for the dismissal of this action. *See Doe v. Kogut*, 759 F. App'x 77, 80 (2d Cir. 2019) (oral settlement agreement confirmed on record by magistrate judge was enforceable where "the magistrate judge expressly stated that any later writing would be merely a memorialization of the material terms discussed at the conference and neither party objected").

Perez argues that there was no enforceable settlement agreement because he agreed only to dismissal of his claims *without* prejudice while the subsequent writing proposed by the defendants required dismissal of his claims *with* prejudice. But the transcript of the settlement hearing makes clear that Perez agreed in part to receive a payment of $2,500 from the defendants as well as to release all his claims against them for acts prior to the date of the settlement

---

[10] Doc. #65 at 10 (emphasis added).
[11] Doc. #63.

hearing.[12] Against this backdrop, it does not make sense for Perez to suggest that he did not agree to the dismissal of his claims with prejudice. He could not have expected to receive $2,500 and to release his claims against the defendants while also believing he was free to re-file the same claims whenever he might like.[13]

Perez did not believe or agree as part of the settlement agreement that his claims would be dismissed only without prejudice. Indeed, Perez says that he assured defense counsel shortly before filing his first motion to re-open that "he did not intend to relitigate the claims and causes of action which formed the basis for [his lawsuit] so long as the Defendants adhere to and execute all of the terms of the settlement agreement."[14] This underscores that Perez's real claim here is not that he believed he retained a right in his settlement agreement to re-file his claims (dismissal without prejudice), but that he merely wants the defendants to comply with the agreement.

Nor was the case improperly dismissed on the basis of the binding settlement agreement. Judge Farrish told the parties that the case would be administratively closed "subject to reopening in the event that you guys hit some speedbump on finishing up the settlement documentation."[15] My subsequent docket order made clear that the parties had 30 days to file a motion to re-open.[16] Absent such a motion, the case was properly closed.

---

[12] Doc. #65 at 4. The release extended not just to the named defendants but also to "the State of Connecticut, the Department of Correction or any of its employees arising out of any fact or circumstance existing before today, September 1st, 2021." *Ibid.*

[13] I learned at the hearing that Perez has yet to receive his $2,500 because he has not returned to defense counsel the required W-9 forms that counsel advised during the settlement conference would be necessary before the funds could issue to Perez's commissary account. Doc. #65 at 6–7. I trust that upon receiving the proper W-9 forms the defendants will promptly pay Perez and fully comply in good faith with all other terms of the settlement agreement.

[14] Doc. #72 at 4.

[15] *Id.* at 10.

[16] Doc. #64.

Perez argues that Rule 41(a)(2) allowed the Court to dismiss the action only if he requested its dismissal. The rule states in relevant part that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." But Perez's agreement to a settlement with notice that the case would be closed within 30 days if he did not file a motion to re-open amounted to a "request" under Rule 41(a)(2) that the case be dismissed.

As the Tenth Circuit has noted, "Rule 41(a)(2) does not require that the plaintiff's request for dismissal take any specific form; it requires only that the court approve such a request for dismissal." *Morris*, 39 F.3d at 1105. Thus, the Tenth Circuit ruled that a district court properly closed a case pursuant to Rule 41(a)(2) after the parties had reported a settlement and further that "an administrative closing order that notifies the parties that the case will be dismissed with prejudice absent action on their part within a specified period of time is sufficient to terminate a case." *Id.* at 1110.

Perez does not point to any other reason to suggest that he did not enter into an enforceable settlement agreement or that the case was not properly closed. The rest of his arguments accuse the defendants of failing to comply with the settlement agreement. But a post-dismissal claim that a party has breached a settlement agreement is effectively a state law claim for breach of contract, and Perez shows no grounds for the exercise of federal jurisdiction over his breach-of-settlement-agreement claim. As the Second Circuit has made clear, "a district court does not automatically retain jurisdiction to hear a motion to enforce a settlement agreement simply by virtue of having disposed of the original case." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015). A federal court has jurisdiction over proceedings to enforce a settlement agreement only if the court expressly retained jurisdiction at the time that it dismissed the action

by reason of the settlement agreement or if its dismissal order incorporated the terms of the settlement agreement. *Ibid.* Those circumstances do not exist here.

Accordingly, Perez's arguments that the defendants have breached the settlement agreement are not grounds to re-open this case. If Perez wishes to seek relief for what he believes to be a breach of the settlement agreement, he may do so in state court rather than federal court.

For the reasons stated above, the Court DENIES the motions for an extension of time and to re-open this case (Docs. #67, #68, #73).

It is so ordered.

Dated at New Haven this 16th day of May 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge